Daniel J. LeRoy v. Commissioner.
Le Roy v. Commissioner
Docket No. 3712-67.
United States Tax Court
T.C. Memo 1969-11; 1969 Tax Ct. Memo LEXIS 281; 28 T.C.M. (CCH) 47; T.C.M. (RIA) 69011; January 16, 1969, Filed Daniel J. LeRoy, pro se, 560 Bellevue, Lake Orion, Mich. Juandell D. Glass, for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: Respondent determined a deficiency in petitioner's income tax for 1965 in the amount of $394.97. As a result of a concession by respondent, the only issue remaining for decision is whether petitioner was entitled to a dependency exemption for two of his minor children in 1965. The facts have been stipulated and are found accordingly. Petitioner resided at Lake Orion, Michigan, at the time the petition was filed. *282 For the taxable year 1965, he filed his individual income tax return with the district director of internal revenue at Detroit, Michigan. Petitioner and his former spouse, Shirley LeRoy (hereinafter referred to as Shirley), were divorced on November 13, 1962, pursuant to an order entered in the Circuit Court for Oakland County, Michigan. Pursuant to the divorce decree, Shirley was awarded the legal care, custody, and control of their three minor children, Daniel, Alan, and Keith, until each child reached the age of 18, subject to petitioner's right of visitation. The decree further provided that from November 13, 1962, until each child reached the age of 18, petitioner was to pay Shirley $15 a week for each child, and in the event that petitioner had custody of any of the children for a period of one full week or more, he would not be required to make a payment to Shirley for the week or weeks that he had custody of the child or children. Under the decree, petitioner was also ordered to provide for all necessary medical, hospital, and dental expenses for his three children. As a result of an amendment to the divorce decree on January 28, 1963, petitioner was awarded legal care, *283 custody, and control of Daniel for a 6-month period with the right to petition the court for permanent custody. During the 6-month period, petitioner was not required to pay Shirley any support money for Daniel. Custody was to revert to Shirley if petitioner failed to obtain a permanent order. During the period January 1, 1965 through December 31, 1965, petitioner paid $1,519 to Shirley through the Friend of the Court for Oakland County, Michigan, for the support of two of his children, Alan and Keith. [1]
Pursuant to sections 151(a) and (e)[2] and 152(a)(1) [3] of the Internal Revenue Code of 1954, as well as the decided cases, in order for petitioner to be entitled to a dependency exemption for his sons Alan and Keith for the year 1965, he must prove not only the amount he contributed toward their support, but also that those contributions exceeded one-half of the total support expended on the children. While the record *284 discloses that petitioner contributed a total of $1,519 toward the support of his sons Alan and Keith during 1965, there is insufficient evidence from which we can determine whether that contribution exceeded 50 percent of the total cost of their support for that year. Accordingly, we must hold that petitioner has failed to prove his entitlement to a dependency exemption for his sons Alan and Keith in 1965. *285 In order to reflect the concession of respondent as to the third child, Decision will be entered under Rule 50. 49 Footnotes
1. Respondent concedes the issue with respect to one dependency exemption for the minor child, Daniel LeRoy, who resided with petitioner during the entire calendar year 1965 and who was wholly supported by petitioner during that year.↩
2. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - * * * (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. ↩
3. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either. * * *↩